**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WHITEVILLE OIL COMPANY,
INCORPORATED,
Plaintiff-Appellant,

v.

FEDERATED MUTUAL INSURANCE

No. 95-2015

COMPANY,
Defendant-Appellee.

INSURANCE ENVIRONMENTAL
LITIGATION ASSOCIATION,
Amicus Curiae.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, District Judge.
(CA-94-108-7-BR)

Argued: May 7, 1996

Decided: June 14, 1996

Before HALL, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Reeves Sloan, WARD & SMITH, P.A., New Bern,
North Carolina, for Appellant. Laura Jean Hanson, MEAGHER &
GEER, P.L.L.P., Minneapolis, Minnesota, for Appellee. **ON BRIEF:**

Buren R. Shields, III, Donalt J. Eglinton, WARD & SMITH, P.A., New Bern, North Carolina, for Appellant. Peter G. Lennington, MEAGHER & GEER, P.L.L.P., Minneapolis, Minnesota; H. Mark Hamlet, CROSSLEY, PRIOR & COLLIER, Wilmington, North Carolina, for Appellee. Laura A. Foggan, Stephen D. Goldman, William A. McGrath, Mary E. Borja, WILEY, REIN & FIELDING, Washington, D.C., for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Whiteville Oil Company, owns a retail Amoco gasoline station. In February 1994, Kathy Thompson filed suit against Whiteville Oil alleging that petroleum from the Amoco station leaked into the sewer and that fumes from that gas permeated onto her property. Thompson maintained that the odor forced her to close her restaurant and requested damages for lost "commercial and business profits" and for mental distress. Whiteville Oil, who has several insurance policies with appellee, Federated Mutual Insurance Company ("Federated"), requested that Federated defend it in the Thompson matter. By letter dated March 25, 1994, Federated denied any obligation to defend and indemnify Whiteville Oil, asserting that Whiteville Oil's policies do not provide coverage for environmental claims. Whiteville Oil then filed the instant action against Federated on numerous grounds related to Federated's failure to defend and indemnify it in the Thompson litigation. The district court granted summary judgment in favor of Federated, holding that the insurance policies issued by Federated to Whiteville Oil do not encompass the Thompson suit.

Whiteville Oil holds two Federated insurance policies which are applicable to this action, a Commercial General Liability Policy

2

("CGL Policy") and an Umbrella Policy. Coverage A of the CGL Policy provides for compensatory damages arising from "bodily injury" -- defined as "bodily injury, sickness or disease" -- or from "property damage" -- defined as including "[l]oss of use of tangible property that is not physically injured." J.A. at 40, 48, 51. However, Coverage A contains a pollution exclusion which provides that Coverage A does not apply to:

> (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the <u>actual, alleged or threatened discharge, dispersal, release or escape of pollutants at any time</u>.

> (2) [Any expense to clean up environmental hazards.]

> Pollutants means one or more solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, <u>fumes</u>, acids, alkalis, chemicals and waste.

J.A. at 32 (emphasis added). The district court held, in a ruling not challenged in this court, that the pollution exclusion was applicable to the Thompson suit and that Federated therefore had no obligation to Whiteville Oil under Coverage A. J.A. at 270-71.

Coverage B of the CGL, which does not contain a pollution exclusion, provides coverage for damages "because of personal injury.'" J.A. at 43. Unlike Coverage A which provides for coverage based on the harm suffered, Coverage B's applicability depends upon whether the injuries arose from one of the enumerated offenses listed in the policy. "Personal injury" is defined in the CGL Policy as:

> injury, <u>other than "bodily injury,"</u> arising out of one or more of the following offenses:

> a. False arrest, detention or imprisonment;

> b. Malicious prosecution;

> c. The wrongful eviction from, <u>wrongful entry into, or invasion of the right of private occupancy</u>

3

of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

d. [Slander];

e. Oral or written publication of material that violates a person's right of privacy.

J.A. at 50 (emphasis added). The umbrella policy differs from the CGL policy only with respect to the definition of "personal injury," providing in lieu of subsection c quoted above, the definition "wrongful entry into, or eviction of a person from, a room, dwelling or premises the person occupies." J.A. at 75.

The sole issue raised on appeal is whether Thompson's suit for nuisance and trespass falls within subsection c of Coverage B of the CGL and/or within the applicable portion of the Umbrella Policy. The district court, applying North Carolina law, determined that the policies did not impose upon Federated an obligation to defend Whiteville Oil in the Thompson matter,[1] J.A. at 263-76, reasoning that Thompson's action for trespass and nuisance were not within any of the specifically enumerated "personal injury" offenses. First, the court rejected Whiteville Oil's argument that permeating fumes constituted a "wrongful entry," explaining that "wrongful entry" requires a threat to the owner's possessory rights in the property and involves actual physical entry onto another's land, J.A. at 272 ("The ordinary meaning of entry involves the `actual taking of lands or tenements by entering or setting foot on them.' Webster's Third New International Dictionary (1986)."). The district court noted that Whiteville Oil was merely attempting to convert a property offense into a personal injury offense to avoid the pollution exclusion applicable to Coverage A. Second, the court rejected Whiteville Oil's contention that permeating fumes constituted a nuisance which is covered as an "invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor," explaining that nuisance was not one of the enumerated offense and

_____

[1] The instant action only involves the insurer's duty to defend because Whiteville has successfully defended the Thompson suit.

4

that if the parties wished nuisances to be within Coverage B, then they would have included that term as one of the specifically enumerated offenses.[2]

We have carefully considered the arguments in the briefs and at oral argument and find no reversible error. Accordingly, we affirm the judgment of the district court on the reasoning of that court.

<u>AFFIRMED</u>

_____

[2] Whiteville Oil also appeals the district court's decision to dismiss its claims of bad faith refusal to defend and of unfair trade practices. Because we conclude that Federated had no duty to defend Whiteville Oil in the Thompson litigation, we agree that the district court properly dismissed these two additional claims.

5